478 P.2d 99

Joan H. DEMAND, Petitioner,

v.

The Honorable Frank X. GORDON, Judge of the Superior Court of the State of Arizona sitting in and for the County of Maricopa, Respondent,

and

Transamerica Title Insurance Company, a corporation, and Irene Foley, Administratrix w/w/a of the Last Will and Testament of J. N. Harber, deceased, Real Parties In Interest.

Nos. 10177, 10183–PR.

Supreme Court of Arizona,
In Banc.

Dec. 16, 1970.

Kenneth S. Scoville by Leroy W. Hofmann, Phoenix, for petitioner.

Evans, Kitchel & Jenckes by Burton M. Apker, Phoenix, for Transamerica Title Ins. Co.

Lewis & Roca by Monroe G. McKay, Phoenix, for Irene Foley, Administratrix.

LOCKWOOD, Chief Justice:

Joan Demand filed a petition for Special Action in the Court of Appeals, Division I, and upon its refusal to accept jurisdiction of the same for the relief requested, petitioned this Court for review in Cause No.

10183–PR. Immediately thereafter petitioner Demand filed a Special Action in this Court (No. 10177) seeking an order requiring the Superior Court to grant the same relief requested in Cause No. 10183–PR.

We granted the Petition for Review (No. 10183–PR) and accepted jurisdiction of the Special Action (No. 10177) for the purpose of disposing of the controversy at one time.

The order of the Court of Appeals, Division I dated July 22, 1970 in Case No. 10183–PR is vacated, and the case is remanded under Special Action No. 10177 to the Superior Court of Maricopa County with instructions to proceed in accordance with the following decision.

In May, 1964, the estate of J. N. Harber, deceased, commenced an action to set aside certain real estate transactions. One of the defendants, Joan Demand, counterclaimed against the plaintiffs and crossclaimed against Transamerica Title Insurance Company, for a $100,000 real estate commission. The trial court held for all defendants, counter-defendants, and crossdefendants, and an appeal was taken. The decision of the Court of Appeals was rendered on January 19, 1970, and its opinion reversing this judgment, appears at 11 Ariz.App. 267, 463 P.2d 851, under the caption "Demand v. Foley." Irene Foley is the administrator of the Harber estate.

When the mandate reached the trial court, Joan Demand presented a proposed judgment. Both the title company and the administrator objected to it, and on March 12, 1970 the trial court upheld the objections, and refused to sign the proposed judgment. Its reasons were (1) Each party interpreted the Court of Appeals' opinion to mean something different, and (2) There was some question as to whether enough facts were in the record to enter judgment without taking further evidence.

On April 8, 1970 Joan Demand filed a petition for a special action in the Court of Appeals asking that Court to order the trial court to sign the proposed judgment in her favor, and to direct the title company to pay it. Her theory was that the trial court was flouting the mandate of the Court of Appeals.

The Court of Appeals observed that money was currently coming into the hands of the title company, so that the amount in its possession would have to be updated before an intelligent order could be entered. It therefore held its decision in abeyance and ordered each of the parties to furnish a calculation of how much was due under its previous decision. When the parties complied, Presiding Judge Donofrio, of the Court of Appeals, signed a six page order which (a) denied the petition on the ground that the trial court did not, at the March 12, 1970 hearing, have the factual data needed to render judgment, so that the special action was premature, and (b) explained what the Court really meant by its January 19, 1970 opinion.

Mrs. Demand contends that the Court of Appeals "through Judge Francis J. Donofrio and signed only by him, entered a further six page 'aside' opinion which was entirely contrary to and inconsistent with the opinion and mandate of the full Court * * *." If, by this language, she means that the Judge individually changed the opinion of the three-judge division of which he is only a member, we reject the argument categorically. Both the integrity of the Judges of that Court, and our knowledge of its internal administrative mechanics, makes such an action impossible. Whatever may be said about the contents of the order in question, there can be no doubt that it was the unanimous conclusion of all three judges who the record shows, took the matter under advisement.

Any consideration of the merits of this case must be guided by one of the most fundamental and firmly established principles of our law—namely, that a decision from which no appeal has been taken is final and irrevocable and becomes the law of the case. In the instant case neither a motion for rehearing nor a petition for review was filed in connection with the

Court of Appeals' original opinion. We need not—nay, we cannot—go behind what was said therein.

When the Court of Appeals at a later date, acting through its order signed by Judge Donofrio, denied the petition for special action, it did not do so on the merits; it did so because it considered the action premature. In its order, it stated:

"It is the opinion of this Court that Judge Gordon, other than to give a general idea, has not yet made a final determination as to the monies to which Mrs. Demand would be entitled and that this special action should be dismissed for the reason that Judge Gordon did not have the factual data before him upon which to make a proper computation and enter judgment."

■ Had Mrs. Demand waited until the trial court signed a judgment and had she then felt that such judgment was not in conformity with the mandate, she would be entitled to relief by special action in the Court of Appeals, whose mandate was not being followed. In such case, no doubt, the Court of Appeals, would examine the judgment's conformity, or lack of conformity, with the mandate, by using its own view of its own language. A timely petition for review would then bring before this Court the question of whether the Court of Appeals had correctly decided what the language meant, since the issue is what the opinion said, rather than what the court intended to say.

■ The difficulty in this case arises from the fact that, since the Court of Appeals denied the relief because the petition was premature, everything else in the *order* signed by Judge Donofrio is dicta. Our task, is to determine what the *opinion* actually said as determined by *its* language, not what the Court of Appeals intended to say, or meant, or by subsequent order says that it meant. Our decision, therefore, must come from the opinion and not from the subsequent order.

The original opinion of the Court of Appeals contained the following language:

"* * * There is no evidence that the listing agreement contained any language which would cause Mrs. Demand to share in the risk of default by the buyer * * *."

* * * * * *

"[The escrow instructions state] 'It is agreed by and between the Broker and the seller that the seller owes the Broker a commission in the amount of $100,000 * * *.'"

* * * * * *

"Mrs. Demand held a vested interest in part of the proceeds coming into the trust and could collect directly from the trustee * * *."

* * * * * *

"[The escrow instructions state:] that '* * * merely for the convenience of the seller said commission is being paid from the deferred balance due under said Trust Agreement.'"

* * * * * *

"The words in the Amendment to Escrow Instructions 'with the sum of $10,000 plus interest payable to said Broker from each annual installment' did no more than provide for a *minimum annual payment of $10,000 plus interest* * * *." (Emphasis added.)

In our view, the above language, taken verbatim from the original opinion of the Court of Appeals, clearly and unequivocally states that Mrs. Demand is entitled to a minimum of $10,000 plus interest, each year, as long as there is money from the sale made by Mrs. Demand, in the hands of the trustee.

■ The evidence is undisputed that Transamerica Title has in its hands approximately $300,000 in release funds as a result of Mrs. Demand's sale; that the principal balance due on her commission is $90,000; that the original decision of the Court of Appeals provided for a "minimum annual payment of $10,000 per year plus interest"; and that Mrs. Demand received the $10,000 payment for the year 1962. It is therefore clear that she is entitled to principal payments of $10,000 for each

year from 1963 to 1970 inclusive, plus interest on the whole $90,000 from December 31, 1962 at the rate of 5% per annum. She is also entitled to receive the last $10,000 of her commission in 1971, with interest.

Remanded to the Superior Court for entry of judgment in accordance with this opinion.

STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.

Note: Justice ERNEST W. McFARLAND did not participate in the determination of this matter